HAMILTON F. KEAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10745. Promulgated January 21, 1928.

*W. W. Spalding, Esq.*, for the petitioner.
*Frank S. Easby-Smith, Esq.*, for the respondent.

OPINION.

TRAMMELL: The only issue involved in this proceeding is the deductibility of the $19,127.03 representing the amount by which the expenditures made in connection with the operation of the Green Lane Farm exceeded the receipts therefrom. This depends upon whether the farm was operated as a business. It was denied by the respondent that it was so operated.

The petitioner acquired the Green Lane Farm in 1915 to produce poultry and dairy products for his own personal use and after making several improvements he decided in 1919 to operate it as a poultry and dairy farm, planning to meet the ordinary operating expenses out of the proceeds from the sale of vegetables, eggs and

milk and derive a profit from the sale of high-grade poultry and registered cattle which he expected to raise. In accordance with this decision he employed a farm superintendent experienced in the management and operation of farms of the type contemplated, and proceeded to stock the farm with a good quality of chickens and registered cattle. Pursuant to his plan of increasing the number of his herd the petitioner in 1921 purchased a cow which was guaranteed to be free from disease. This cow was examined by state veterinaries who decided that she was free from disease. It later developed that she had a contagious disease which was communicated to about one-half of the petitioner's herd. This disease retarded the increase of the herd and resulted in a smaller amount of income being realized. It reduced the sale price of cattle so affected from the normal market price of about $7,000 to the price of beef cattle, about $40 to $75 per head. In addition it was necessary for the petitioner to incur very great expenses in attempting to free the herd from the disease. In addition to employing a veterinary to treat the cattle, he has tests made by Cornell University. He has consulted with the Bureau of Animal Industry of the United States Department of Agriculture, the State Department of Agriculture, the State College of New Jersey and with others whom he thought would be able to assist him in the matter. Having been advised that the cows would develop an immunity to the disease in about two years, he followed out that theory and found it to be erroneous. Now as a last resort, he is eliminating from the herd all cows that show any symptoms of the disease.

The petitioner spent one day and part of another each week in managing and directing the operations of the farm. Detailed records were kept of all income and expenses in connection with the farm and the petitioner paid the same price as others for the products he received therefrom. There is nothing in the record to warrant a conclusion that the petitioner operates the farm as a place of recreation or amusement or as a show place.

The petitioner testified that 65 years ago he was born on the farm on which he now lives, and which adjoins the Green Lane Farm; that he has always lived on the farm and is familiar with farming operations. He has owned farms for a great many years and for a number of years has owned a one-half interest in Blooming Dale Farm, which is situated in a different county from that in which the Green Lane Farm is located. The petitioner testified that when he began the operation of the Green Lane Farm as a poultry and dairy farm in 1919, it was with a view of making a profit therefrom, and that as soon as he can eliminate the disease from his herd of cattle, the operation of the farm will show a profit.

From a consideration of all the evidence we are of the opinion that during the year 1923, the petitioner in operating the farm in question was engaged in farming as a business. The mere fact that he sustained losses from year to year and had other business interests does not prove that the farm was not operated as a business venture. See *Moses Taylor*, 7 B. T. A. 59; *Samuel Riker, Jr., Executor*, 6 B. T. A. 890; *Thomas F. Sheridan*, 4 B. T. A. 1299. Inasmuch as the petitioner was engaged in ·farming as a business, the loss sustained by him in the operation of the farm was a proper deduction from gross income.

> *Judgment will be entered on 15 days' notice, under Rule 50.*